UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA MIRRORS OF AMERICA, INC.,

    Plaintiff/Counter-Defendant,

v.                                                      Case No. 10-12283

DURA GLOBAL TECHNOLOGIES, LLC,        HON. AVERN COHN
f/k/a DURA GLOBAL TECHNOLOGIES, INC.,
DURA OPERATING CORP., DURA
AUTOMOTIVE SYSTEMS, INC., DURA
AUTOMOTIVE SYSTEMS, LLC, and DURA
G.P.,

    Defendants/Counter-Plaintiffs.
_____/

**MEMORANDUM AND ORDER DENYING MOTION TO DISMISS (Doc. 33)**[1]

I. Introduction

This is a patent case. Plaintiff/Counter-Defendant Magna Mirrors of America, Inc. ("Magna") is suing Defendants/Counter-Plaintiffs Dura Global Technologies, f/k/a Dura Global Technologies, Inc., Dura Operating Corp., Dura Automotive Systems, Inc., Dura Automotive Systems, LLC, and Dura G.P. (collectively, "Dura") claiming infringement of United States Patent No. 6,955,009 ("the '009 patent").

Before the Court is Dura's motion to dismiss on the grounds that the complaint fails to state a plausible claim. For the reasons that follow, the motion is DENIED.

II. Background

Critical to resolution of the motion is a detailed recitation of the procedural history of

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

this case.

On June 9, 2010, Magna filed a Complaint and Jury Demand against Dura.  Doc. 1. The complaint identifies the parties and asserts four counts of infringement of the '009 patent.  The complaint alleges that Dura has infringed the patent by making certain products, including "power slider window assemblies for the Ford F-150 pick-up truck and the Dodge Ram pick-up truck."  Doc. 1 at ¶ 16.  The '009 patent is attached to the complaint.  Admittedly, the complaint itself is austere.

On September 10, 2010, Dura filed an Answer and Counterclaims.  Doc. 14. Dura denies all allegations of infringement.  Dura asserts as an affirmative defense that the complaint fails to state a claim and that "Magna has no basis in law or in fact to bring the present allegations."  Doc. 14 at ¶ 38.  Dura also alleges that the patent is invalid.  As to its counterclaims, Dura seeks a declaratory judgment of non-infringement.  In a footnote, Dura says that it is investigating additional substantive claims against Magna which it anticipates alleging in a separate filing.  Id. at p.8 n.1.  Dura's Answer and Counterclaim, like Magna's complaint, contains very only very basic, bare bones, allegations.

On September 21, 2010, Magna filed an Answer to the Counterclaims.  Like Dura, Magna alleges as an affirmative defense that the counterclaims fail to state claims upon which relief may be granted.

On September 30, 2010, the Court held an informal status conference with the parties.  At the conference, Dura raised the issue that it could not tell how the accused device infringed because it is not similar to the device shown or the claims in the '009 patent.  As a result, on October 5, 2010 the Court issued an Order Regarding Designation of Paradigm Claim and Infringement Position, directing Magna to identify a paradigm claim and explain its infringement position within 30 days.  Doc. 26.

On November 4, 2010, Magna filed its Designation of Paradigm Claim and Infringement Contention.  Doc. 28.  In this filing, Magna attached as Exhibit 1 a claim chart which compared paradigm Claim 1 of the '009 patent to the accused device, the F-150 Power Slider, using text and photographs to explain its contention that the '009 captures the accused device.  Doc. 28-1.

On December 14, 2010, the Court held another informal status conference with the parties.  At that conference, notwithstanding Magna's filing, Dura again stated its belief that Magna had not sufficiently identified the structure in the accused device which corresponds to the elements in Claim 1.  The Court, inadvisedly as it turns out, invited Dura to file a motion to dismiss.  Dura filed the instant motion on January 25, 2011.

Meanwhile, on January 27, 2011, the Court held another informal conference with the parties.  At that conference, the Court set a briefing schedule on Dura's motion to dismiss and set a schedule for claim construction.  Following the conference, on January 28, 2011, the Court entered a Scheduling Order for <u>Markman</u> Phase of the Case.  Doc. 34.  In accordance with that order, Dura filed its Notice of Words and Phrases in Paradigm Claim 1 that require Interpretation on February 28, 2011.  Doc. 38.  Thus, the case has moved forward on two tracks–Dura's motion to dismiss and claim construction.

### III.  Legal Standard

Fed. R. Civ. P. 12(c)[2] provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a

---

[2]As both parties acknowledge, the motion must be considered as being brought under Rule 12(c) because Dura has answered the complaint.

matter of law.  Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, p. 518.

The Court of Appeals for the Sixth Circuit has stated that a district court must consider a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion.  Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C, 477 F.3d 383, 389 (6th Cir. 2007).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as factual allegation."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Id. at 1949 (internal quotation marks and citation omitted).  "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."  Id. at 1940.

IV. Analysis

The thrust of Dura's argument is that Magna's complaint, Doc. 1, is legally insufficient under Iqbal and Twombly because it does not contain adequate allegations from which Dura can determine how the accused device infringes the '009 patent. This argument ignores the procedural history of the case, in particular the Court's order requiring Magna to provide its infringement contention. Even if the complaint could not survive Iqbal and Twombly, Doc. 28-1 contains a detailed explanation of Magna's position, both in text and in photographs, of its view as to how the accused device reads on the elements of Claim 1. Technically, this document is not a pleading; however, it was filed as a result of the Court's directive and was attached to Dura's motion. Although ordinarily materials outside of the pleadings are not considered in ruling on a motion to dismiss, see Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997), documents may be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. See id. at 108 F.3d at 88. Here, Magna's infringement contention is undeniably central to Magna's claim and therefore are properly considered in ruling on Dura's motion. The complaint, as supplemented by the infringement contentions, states a plausible claim for infringement, at least beyond the speculative level. While the Court is mindful of Dura's arguments that the accused device fails to resemble key elements of Claim 1, those arguments are more appropriate on summary judgment, a stage which has not yet arrived.

Dura cites several cases in support of its argument that the complaint must be dismissed. It particularly draws the Court's attention to Colida v. Nokia, Inc., 347 Fed. App'x. 568 (Fed. Cir. 2009). In Colida, the Federal Circuit affirmed the district court's

dismissal of plaintiff's infringement claims on the grounds that the allegations in the complaint were "facially implausible and provided the district court with no basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs with the accused Nokia 6061 phone." Id. at 570. The trial court dismissed the complaint following a report and recommendation from a magistrate judge which contained a detailed comparison of the patents and the accused device. In that case, Colida was a pro se plaintiff with an extensive history of filing baseless infringement actions. Indeed, the Federal Circuit affirmed a Rule 11 sanction preventing Colida from filing future infringement actions without leave of court. The Federal Circuit's discussion of the necessary pleading standards must be understood in the context of that case.

Here, unlike Colida, construing all of the allegations in the record regarding infringement in favor of Magna, Magna's claims are facially plausible and provide a viable theory of recovery. Dismissal is not warranted.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 24, 2011, by electronic and/or ordinary mail.

 S/ Johnetta Curry-Williams in the absence of
Julie Owens
Case Manager